# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  September 9, 2016)

```
* * * * * * * * * * * * * *   *
SCOTT MARSHALL and AMY        *
MARSHALL, as Parents of H.M., *
                              *
                              *
                              *
              Petitioners,    *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
                              *
* * * * * * * * * * * * * *   *
```

UNPUBLISHED


No. 15-1497V

Chief Special Master Dorsey

Attorneys' Fees and Costs

<u>Mark L. Krueger</u>, Krueger & Hernandez, S.C., Baraboo, WI, for petitioners.
<u>Darryl R. Wishard</u>, United States Department of Justice, Washington, DC, for respondent.

## <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

On December 11, 2015, Scott and Amy Marshall ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of their minor child, H.M.  42 U.S.C. §§ 300aa-1 to 34 (2012).  Petitioners alleged that H.M. developed optic neuritis as a result of receiving the HPV, Hepatitis A, Meningococcal, and Tdap vaccinations on June 4, 2014.  Petition at 1.  On August 5, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation.  The undersigned issued a Decision awarding compensation pursuant to the parties' stipulation that same day.

On September 8, 2016, petitioners filed an application for attorneys' fees and costs, requesting $15,470.00 in attorneys' fees for Krueger & Hernandez, $1,325.32 in attorneys' costs

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

for Krueger & Hernandez, and $2,087.00 in attorneys' fees and costs for Tom Evashevski, the attorney hired to establish H.R.'s conservatorship, for a total fee and cost award of $18,882.32. Pet. Mot. at 3-4. In accordance with General Order #9, petitioners' submitted a signed statement indicating that all costs in this matter were incurred by counsel. See General Order #9 Statement. Petitioners' fee application states that respondent "has indicated that they do not oppose the application, and agree and the request is reasonable." Pet. Mot. at 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § §300aa-15(e). On review of petitioners' application and billing log, the undersigned finds requested fees and costs reasonable. Based on the reasonableness of petitioners' request and the lack of opposition from respondent, the undersigned **GRANTS** petitioners' motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a total of $18,882.32 as follows:**

(1) **A lump sum of $16,795.32 in the form of a check payable jointly to petitioners and Krueger & Hernandez, SC, for attorneys' fees and costs; and**

(2) **A lump sum of $2,087.00 in the form of a check payable jointly to petitioners and Tom H. Evashevski, for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.